(96 Misc. Rep. 499)

### HUNT v. INDUSTRIAL COMMISSION OF STATE OF NEW YORK.

(Supreme Court, Special Term, New York County. August 1, 1916.)

CONSTITUTIONAL LAW ☞42—BUILDING REGULATIONS—RIGHT TO QUESTION VALIDITY—APPLICATION TO INDUSTRIAL COMMISSION.

Where the stairway inclosure requirements of Labor Law, § 79b, subd. 2, as amended by Laws 1914, c. 182, could be modified or dispensed with by the Industrial Commission in buildings not over six stories, *held* that owner of a six-story building should first seek relief from the Commission before attacking the statute in the courts as unreasonable in its application to his building.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. ☞42.]

Action by Mary J. H. Hunt against the Industrial Commission of the State of New York. Motion by plaintiff to overrule a demurrer to the complaint on the ground of insufficiency. Motion denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Albert De Roode, of New York City, for plaintiff.

Robert W. Bonynge, of New York City (Frederick H. Cunningham, of New York City, of counsel), for defendant.

GIEGERICH, J.　My conclusion in this case is that the plaintiff should first seek relief from the Industrial Commission. The building in question is conceded by stipulation of the parties to be six stories in height. By the provisions of subdivision 2, § 79b, of the Labor Law, as amended by chapter 182 of the Laws of 1914, the Industrial Board shall have the power to adopt rules and regulations making inapplicable or modifying the requirements of that section (relative to stairway inclosures) with respect to existing buildings not over six stories in height, where in the judgment of that board such requirements can be dispensed with or modified without endangering the safety of the persons employed therein. The plaintiff alleges that the conditions of her building are exceptional, and that the existence of an elaborate system of fire preventive devices and equipment and of ample means of exit renders the requirements of the statute unreasonable as applied to her building. Assuming that the courts will in any case undertake, in the first instance and without any previous action on the part of the Industrial Commission in fact taken or provided for by the Legislature, to determine whether or not a requirement plainly imposed by the statute is unreasonable with respect to a particular property and therefore invalid (a question concerning which there may be some doubt, although it is not debated in the briefs, see People, etc., v. Klinck Packing Co., 214 N. Y. 121, 108 N. E. 278), it seems plain that in the case now in hand the Legislature meant that the aggrieved owner should first have recourse to the Industrial Board and apply to it for the adoption of a rule or regulation that will exempt his building, because of its special conditions, from the general requirements or that will suitably modify such requirements. It is true that the Legislature has not said that such an owner must first seek relief from the Industrial Board, but as that board was especially created for such duties, it seems reasonable to hold that the Legislature intended that where recourse to it was provided for by the statute, such recourse should be sought before any remedy is intended to be provided by the courts. If the plaintiff's building were more than six stories in height, in which case it would seem that the Industrial Board would have no power to dispense with or modify the requirements of section 79b, then a wholly different situation would be presented, and the interesting questions argued in the briefs would have to be met and decided. But the present case seems to rest solidly upon the ground above stated, and it is unnecessary to go further with the discussion.

The plaintiff's motion to overrule the demurrer to the complaint is denied, with $10 costs to the defendant, and with leave to the plaintiff to amend within 20 days after service of a copy of the order to be entered hereon, with notice of entry thereof, upon payment of such costs. Settle order on notice.